IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

NATHANIEL SMITH and           )
BETTY SMITH,                  )
                              )
      Plaintiffs,            )
                              )
VS.                           )      No. 13-2098-JDT-tmp
                              )
MEMPHIS LIGHT, GAS, AND WATER, )
ET AL.,                       )
                              )
      Defendants.            )

---

ORDER ADOPTING REPORT AND RECOMMENDATION
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

---

Plaintiffs Nathaniel Smith and Betty Smith, residents of Memphis, Tennessee, filed

a *pro se* civil complaint on February 15, 2013, and a motion for leave to proceed *in forma*

*pauperis*.  (Docket Entries 1 & 2.)  U.S. Magistrate Judge Tu M. Pham subsequently granted

leave to proceed *in forma pauperis*.  (D.E. 5.)[1]  On October 8, 2013, Magistrate Judge Pham

issued a Report and Recommendation For *Sua Sponte* Dismissal  ("R&R").  (D.E. 6.)  An

amended R&R was filed the same day.  (D.E. 7.)  Objections to the R&R were due within

14 days, on or before October 22, 2013.  See Fed. R. Civ. P. 72(b)(2).  However, Plaintiffs

have filed no objections.

---

[1]    The case was referred to the assigned U.S. Magistrate Judge on March 27, 2013, for case management
and handling of all pretrial matters by determination or by report and recommendation, as appropriate.  (D.E. 4.)

Plaintiff's complaint alleges that the Defendants, Memphis Light, Gas, and Water and John Does 1 - 20, wrongfully disconnected their utilities after rejecting their payment in the amount of $9,053.38.  They assert claims under the Consumer Credit Protection Act, as amended, 15 U.S.C. § 1601 *et seq.*, the provisions of which include the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*;[2] the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*; and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*  Plaintiffs also assert claims pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, as well as a claim for fraud under Tennessee law and for automobile theft under Tenn. Code Ann. § 97-17-42(1).

The Magistrate Judge has recommended dismissal prior to service on the Defendants for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction.  Having reviewed the complaint and the law, the Court agrees with the Magistrate Judge's recommendation.  The Magistrate Judge thoroughly explained her decision, and the issuance of a more detailed written opinion would be unnecessarily duplicative and would not enhance this Court's jurisprudence.  Therefore, the Court ADOPTS the report and recommendation of the Magistrate Judge.  For the reasons set forth in that report and recommendation, this case is DISMISSED for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction.

---

[2] The implementing regulations of the Electronic Funds Transfer Act, 12 C.F.R. § 205 *et seq.*, are known are Regulation E.

The Court must also consider whether Plaintiffs should be allowed to appeal this decision *in forma pauperis*, should they seek to do so.  Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a).  See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999).  Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he or she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals.  Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one.  Coppedge v. United States, 369 U.S. 438, 445 (1962).  The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous.  Id.  It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*.  See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).  The same considerations that lead the Court to dismiss this case for failure to state a claim and for lack  of subject matter jurisdiction also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiffs is not taken in good faith.  Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED.  Accordingly, if Plaintiffs file a notice of appeal, they must also pay the

full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting

affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[3]

    The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                 s/ **James D. Todd**
                                 JAMES D. TODD
                                 UNITED STATES DISTRICT JUDGE

---

[3] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court.  A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit.  Unless specifically instructed to do so, Plaintiffs should not send to this Court copies of documents and motions intended for filing in the Sixth Circuit.